IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

MITCHELL NORMAN BARLOW          PLAINTIFF

V.      CIVIL ACTION NO. 2:19-cv-__73__-KS-MTP

CITY OF LAUREL             DEFENDANT

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, Mitchell Norman Barlow, by and through counsel, respectfully files this Complaint And Demand For Jury Trial, as follows, to-wit:

### I. PARTIES

1. Mitchell Norman Barlow, (hereinafter "Mitch Barlow"), is an adult resident citizen of Jones County, Mississippi.

2. The Defendant City of Laurel, Mississippi, is, and was at all relevant times a municipal corporation operating under the laws of the United States, and the State of Mississippi. The Defendant City of Laurel, Mississippi, is within Jones County, Mississippi. With federal and state

revenue, the Defendant City of Laurel, Mississippi, controls, commands, and operates the Laurel Fire Department.

## II. JURISDICTION AND VENUE

3. Federal question and civil rights controversies between the parties confer jurisdiction upon the Court under Title 28, United States Code, Sections 1331, and 2201; and Title 42, United States Code, Section 2000e, which generally provides that all personnel employment actions affecting government employees of the State of Mississippi or any political subdivision thereof receiving federal funds shall be free from discrimination based on disability and race. Jurisdiction is conferred under Title 28, United States Code, Section 1343(a)(3), as the action is predicated upon redress of deprivation of rights, privileges and immunities guaranteed to Plaintiff Mitch Barlow by constitutional and statutory law, inter alia, the First, Fourth, Fifth and Fourteenth Amendments of the United States Constitution, and Title VII of the Civil Rights Act of 1964, as amended.

4. This Court also has supplemental and pendent jurisdiction for adjudication of the Plaintiffs' state law claims and common law claims under Title 28, United States Code, Section 1367. A substantial part of the unlawful, discriminatory, objectively unreasonable policies, acts, omissions and practices which caused damages to Mitch Barlow occurred in Jones County, Mississippi, and within the Eastern Division of the United States District Court for the Southern District of Mississippi. Title 28, United States Code, Section 1391(b) confers venue.

### III. EXHAUSTION

5. Plaintiff Mitch Barlow has fully exhausted all administrative remedies pursuant to Title VII of the Civil Rights Act of 1964.

### IV. FACTS

6. On or about November 28, 2016, Mitch Barlow was an active duty veteran fireman stationed at the City of Laurel Fire Department's station #1. Barlow had served as a full time fireman for the City of Laurel for more than 13 years. On November 28, 2016, Barlow sustained an acute neck injury after responding to an emergency call for emergency fire protective

services on Marie Drive in Laurel, Mississippi. With interior visibility in an active residential fire at less than three feet with illumination from his helmet, Barlow stepped on a flat glass table top while attempting to arrest the fire with a high pressure foam hose.

7. Barlow's feet slipped, and he fell backward onto his pressurized air tank. Mitch Barlow was transported to South Central Regional Medical Center after completing his active duty shift by the Laurel Fire Department Battalion Chief, James Wilkes, at approximately 1800hours on November 28, 2016. Mitch Barlow was never evaluated by a medical doctor at South Central Regional Medical Center. After receiving an upper C-spine radiograph, Barlow was evaluated by a nurse in the bereavement room adjacent to the emergency room lobby. Leslie Jeffcoat, a family nurse practitioner, advised Mitch Barlow that the radiograph imagery was normal. Barlow was provided with an intra-muscular injection of Toradol and/or the generic equivalent, ketorolac, an anti-inflammatory medication. Barlow was given a temporary prescription for Norco, a narcotic analgesic, and Flexeril, muscle relaxer.

8. Mitch Barlow was discharged from South Central Regional Medical Center, but within 24 hours, Barlow suffered incontinence, debilitating headaches, neck and back pain, memory loss, vertigo, nausea, and dizziness. For these continued symptoms secondary to acute injury in the course and scope of active service as an emergency firefighter, Mitch Barlow sought treatment from Dr. Donald Conerly at the Hattiesburg Clinic in Petal, Mississippi, on November 30, 2016. On November 30, 2016, Mitch Barlow executed a document for Dr. Conerly at the Hattiesburg Clinic advising that the injuries and subsequent medical treatment he sought should be covered by workers' compensation benefits through the City of Laurel, retroactively to the date of his initial injury and emergency medical treatment on November 28, 2016.

9. On or about the morning of May 6, 2017, prospective customers at the Huddle House in Ellisville, Mississippi, included Mitch Barlow and his wife. After witnessing a hostile altercation between a male cook who was attempting to prepare food while violating Health Department sanitation requirements and female employees of the Huddle House, Mitch and Kelly

Barlow left the restaurant, along with approximately 10-15 other prospective customers. Thereafter, a message appeared on Facebook associated with "Mitch Barlow" describing events earlier that day: "We went in today for lunch. Almost 1 hour later no food. I then notice Kunta Kinte had no net on his head and no gloves on his hands. And he was the cook. We left."

10. On or about May 16, 2017, three pictures and a message were reposted on Facebook associated with "Mitch Barlow." The re-posted message circulated, "This one just pulled into Walgreen's and parked in a handicap space. Notice the open spaces to the left." One of the pictures depicted the someone standing beside a pickup truck. Other pictures depicted a pickup truck, and vacant parking spaces beside the truck.

11. Prior to May 16, 2017, the City of Laurel had not provided Mitch Barlow or any other City of Laurel employee with any notice of any amendment to the City of Laurel employee handbook regarding any social media policy or policies promulgated, adopted by the Laurel City Council, the City of Laurel Mayor, the City of Laurel Fire Chief, or recorded on the

minutes of the City Council for the City of Laurel. Prior to May 16, 2017, Mitch Barlow had not received any notice of any amendment to the City of Laurel employee handbook regarding any of any social media policy or policies promulgated, adopted by the Laurel City Council, the City of Laurel Mayor, the City of Laurel Fire Chief, or recorded on the minutes of the City Council for the City of Laurel. Several witnesses with personal knowledge confirmed that the City of Aurel never provided notice of any social media policy to Mitch Barlow or any employees of the Laurel Fire Department, including Laurel Fire Department Lt. Mitch Barlow, Captain Joey Walters, Lt. Brad Lowery, Captain Joe Purvis, Captain Robby McLaurin, Firefighter Johnathan Hodge, Captain Tommy Segrest, Lt. Kevin Rustin, Captain Tommy Ferguson,, Lt. Steven Stewart, and Commander Kery Holifield.

12. On May 18, 2017, Mitch Barlow received a letter from the City of Laurel alleging that his service as a firefighter was being terminated because of: "Section 21-31-21 of the Mississippi Code; Rule 15 from the City of Laurel Civil service Rules and regulations: #4(c) for disregarding

memo dated 12/04/2015 to all fire personnel, and #4(j) conduct unbecoming to an officer or employee of the city, either on or off duty; City of Laurel Personnel Rues and Regulations, Chapter 16 (C) 12; and SOG's for the City of Laurel Fire department, 150.01." Barlow's termination letter was signed by the City of Laurel Mayor, Johnny Magee, and the City of Laurel Fire Chief, James Brown.

13. On June 2, 2017, Mitch Barlow provided notice of claims to the City of Laurel via United States Postal Service certified mail and return receipts. Mitch Barlow appealed the alleged basis of his termination to the 'grievance committee' of the City, comprising Becky Clark, Johnny Magee, and James Brown. On June 28, 2017, Mitch received a letter from the Mayor indicating that the full grievance committee[1] had discussed and rejected Barlow's requested reinstatement as a City of Laurel fire fighter employee. In accordance with the City of Laurel Personnel Rules and Regulations, Chapter 15, on August 9, 2017, Mitch Barlow petitioned the

---

[1] Johnny Magee, Becky Clark, James Brown, Mary Ann Hess, Elvin Ulmer, and Tony Thaxton.

City of Laurel Civil Service Commission for a hearing and reinstatement. Alicia Hill confirmed receipt of the notice on or about August 15, 2017.

14. Ultimately, the City of Laurel and all local and state administrative boards and entities obligated to conduct fair hearings on employment appeals denied Barlow's repeated requests for reinstatement, relief or any lawful remedy.

15. After the City of Laurel received timely notice of Barlow perfecting his local administrative appeal of the unlawfully adverse employment decision, the City of Laurel failed to follow adopted policies, procedures, rules, and law concerning notice to Barlow. The Defendant City of Laurel's actions were designed and intended to prevent Barlow from perfecting and exhausting his administrative appeals within local and state government so that his rights for seeking redress over the violation of his federal employment rights in the federal courts within a reasonable period of time without the intended material prejudice of delay and departure from due process and equal protection of the laws caused by the Defendant. The Defendant City of Laurel refused to allow Barlow any fair

hearings or legal representation during and after receiving initial notice of his appeal concerning his unlawful employment termination.

16. On December 6, 2017, Barlow filed an EEOC complaint against the City of Laurel citing unlawful discrimination and adverse employment actions predicated upon race, disability and retaliatory employment discharge. A protracted period of time elapsed while Barlow's case was shuffled amongst multiple EEOC investigators.

17. On February 8, 2018, Barlow received notice from the EEOC that efforts to mediate his employment related claims against the City of Laurel were unsuccessful, and that an EEOC investigation would proceed against the City of Laurel concerning discrimination against Barlow for a medical disability.

18. Thereafter, additional information was provided to EEOC Investigative Supervisor Willie Schaffer which demonstrated unlawful discrimination and adverse employment actions against Barlow by the City of Laurel based on unlawful disparate racial and disability treatment. The City of Laurel cited a false, unlawful, actionable pretext as the plausible

basis for adverse employment actions perpetrated against Barlow, including the alleged violation of a 'social media' policy for which city employees, including Barlow, never received notice. Barlow respectfully submits the real reason or reasons for the adverse employment actions taken against him were unlawfully motivated and perpetrated by race, disability[2], retaliation, and/or alternatively, the free exercise of speech and association. After repeated requests, the EEOC finally mailed confirmation of the 'right to sue' letter on February 4, 2019.

19. In violation of policies and law before, during and after the unlawful termination of Barlow, the City of Laurel failed to provide notice of employment policies to Barlow, including any alleged 'social media' policy. Even if the City of Laurel formally adopted and provided notice of a 'social media' policy, Barlow respectfully pleads that such policy was overly broad, vague, and unconstitutional for non-existent and/or insufficient notice, and in violation of his constitutional rights to free

---

[2] Including specifically retaliation for filing a workers' compensation claim for the debilitating injuries he suffered in the course and scope of his employment and service as a City of Laurel Firefighter.

speech under the 1st and 14th Amendments to the United States Constitution.

20. As a direct and proximate cause and result of Defendant's discrimination and retaliation against Barlow, Barlow suffered damages, including loss of employment, los of pay and income, lost and diminished retirement benefits, lost and diminished disability benefits, loss of fringe benefits, loss of promotion, loss of reputation, and extreme, severe emotional distress and mental anguish.

## V. CLAIMS

### Disability Discrimination

21. At all relevant times, Plaintiff (1) was a member of a protected class; (2) was fully qualified to serve as a City of Laurel Firefighter; (3) Plaintiff suffered an adverse employment action; and (4) inconsistently favorable and disparate treatment was provided to other City of Laurel employees outside of the protected class and other similarly situated employees. Mitch Barlow was victimized by unlawful discrimination from the City of Laurel because of disabilities and injuries he sustained in the

course and scope of his employment as a Firefighter with the City of Laurel.

## Racial Discrimination

22. At all relevant times, Plaintiff (1) was a member of a protected class; (2) was fully qualified to serve as a City of Laurel Firefighter; (3) Plaintiff suffered an adverse employment action; and (4) inconsistently favorable and disparate treatment was provided to other City of Laurel employees outside of the protected class and other similarly situated employees. Mitch Barlow was victimized by unlawful discrimination from the City of Laurel because of unlawful racial bias, prejudice and disparate treatment he sustained in the course and scope of his employment as a Firefighter with the City of Laurel.

## Hostile Work Environment

23. At all relevant times, Plaintiff (1) was a member of a protected class; (2) was subjected to unwelcome, abusively discriminatory harassment by the Defendant City of Laurel; (3) the harassment caused Plaintiff damages of an adverse employment action; and (4) inconsistently

favorable and disparate treatment was provided to other City of Laurel employees outside of the protected class and other similarly situated employees. Mitch Barlow was victimized by unlawful discrimination from the City of Laurel because of disabilities and injuries he sustained in the course and scope of his employment as a Firefighter with the City of Laurel.

## PRAYER

24. WHEREFORE, PREMISES CONSIDERED, Barlow respectfully re-alleges and incorporates by reference all previous paragraphs of this complaint, and respectfully pleads and prays for all relief, and legal, equitable and miscellaneous remedies and relief he may be entitled to claim and receive and/or a final judgment of this Honorable Court, as follows:

25. Barlow respectfully pleads for all actual, compensatory damages exceeding the jurisdictional minimum requirements of this Court he may be entitled to claim and receive from a lawful jury verdict and final judgment of this Honorable Court, and the evidence in this case; and including, but not limited to, past, present and future wage loss, income

and support; past, present and future medical expenses; past, present and future emotional, psychological and non-economic injuries, in a specific sum, to be determined according to non-speculative evidence reviewed by the Court.

26. Barlow respectfully pleads for all permissible statutory damages and reasonable attorney's fees hey may be entitled to claim and receive from a jury verdict and final judgment of this Court, and the evidence in this case, pursuant to 42 U.S.C. §1988 and U.S.C. §794a; and for all costs reasonably incurred in prosecuting this federal action.

27. Barlow respectfully pleads for leave of Court pursuant to Fed.R.Civ.P. 15 for amending all pleadings in conformance with any evidence which may be discovered and with due diligence corroborated after the prosecution of this action; for specification of all damages in conformity with Uniform Local Rules, state and federal law, and the Federal Rules of Civil Procedure.

28. Barlow respectfully pleads for permissive amendment of all pleadings related to their continuing and prospective damages and injuries caused by Defendants.

29. Barlow respectfully pleads for the Court's permission to increase his monetary claims for particularized damages and injunctive and/or declaratory relief in conformity with admissible evidence, and to plead for a constitutional multiple of such damages as exemplary, extra-contractual and/or punitive damages in furtherance of deterring contempt, ignorance, reckless disregard and/or deliberate indifference for the federal and state laws and/or common law torts violated by Defendants, subject to the sound discretion of the Court.

Respectfully submitted, this, the 5th day of May, 2019.

/s/ *Dow Yoder*
Dow Yoder, Esq.

Counsel of Record for Mr. Mitchell Norman Barlow, Plaintiff

Dow Yoder, Esq.
Mississippi Bar # 99719
Post Office Box 1682 / Ridgeland, Mississippi 39158
443B Northpark Drive / Ridgeland, Mississippi 39157

gmyode@icloud.com / 601-850-8488 / dow@dowyoder.com